Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Mary Anderson, Appellant.

Argued October 30, 1975, before President Judge BOWMAN and Judges ROGERS and BLATT, sitting as a panel of three.

*Rex Downie, Jr.,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 13, 1976:

Mary Anderson (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny benefits. We also affirm, but on different grounds.

The claimant was discharged by her employer, Westinghouse Electric Corp., after she had been convicted and sentenced for unlawfully setting up a lottery and selling lottery tickets, activities which she conducted on her employer's premises. Following her discharge, she applied for unemployment compensation benefits which were denied by the Bureau of Employment Security pursuant to Section 402 (e) of the Unemployment Compensation Law[1] (Act). This section disqualifies those whose discharge is for willful misconduct connected with their work. On appeal the referee conducted a hearing and also held that the claimant was disqualified from the receipt of benefits under Section 402 (e). The Board, however, chose not to rely on Section 402 (e), but instead held that the claimant was ineligible under Section 3 of the Act, 43 P.S. §752, which declares it to be the policy of the Unemployment Compensation Law to set aside reserves "for the benefit of persons unemployed through no fault of their own."

We recently held in *Unemployment Compensation Board of Review v. Ostrander*, 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975) that, even though a claimant does not fall within any of the specific ineligibilities contained in Section 402, he may still be disqualified if his receipt of benefits would violate the policy established by Section 3. In that case, the claimant's discharge resulted from his having been convicted of a crime unconnected with his work so that Section 402 (e) could not apply. Here, however, the claimant's criminal activities took place on her employer's premises and, thus, in our view,

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §802 (e).

were sufficiently connected with her work to render the more specific Section 402(e) applicable.

There is a conflict in the testimony as to whether or not the claimant was notified, prior to her discharge, of the employer's rule which prohibits the "organizing, operating, participating in or conducting criminal activities on company premises." The employer's representative at the hearing testified that a copy of this rule, among others, was mailed to every employee. She stated, however, that she had never received her copy. The Board did not resolve this factual dispute, and, if the resolution thereof were crucial to the claimant's eligibility, we would have to remand. We believe, however, that she should have realized that the conducting of such criminal activities on her employer's premises was an obvious violation of acceptable standards of behavior and that she was thereby subjecting herself to discharge, regardless of whether or not she had ever received an explicit notice to that effect. The claimant's activities here unquestionably constituted a disregard of standards of behavior which an employer rightfully expected of its employees and as such thus constituted willful misconduct. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

We hold, therefore, that the claimant's criminal activities amounted to willful misconduct and that she should be disqualified from the receipt of benefits as a matter of law. The Board's finding that Section 3 should be applied, whereas the more specific disqualification of Section 402(e) was applicable, was in error, but we believe that the error in this instance be regarded as harmless.

We, therefore, issue the following

ORDER

AND, NOW this 13th day of February, 1976, the order of the Unemployment Compensation Board of Review denying benefits to Mary Anderson is hereby affirmed.