Robert L. Nevel, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 10, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Christopher Lepore,* with him *Daniel W. Cooper,* and *Gatz, Cohen, Segal & Koerner,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., September 20, 1977:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits to Claimant, Robert L. Nevel, Sr.

Claimant was relieved from employment as a stock clerk for the Pennsylvania Liquor Control Board (Employer) for purchasing liquor in New York and transporting it into Pennsylvania in violation of Section 491(2) of the Pennsylvania Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-491(2), which states in relevant part:

It shall be unlawful

. . . .

(2) For any person . . . to . . . transport any liquor . . . within this Commonwealth which was not lawfully acquired prior to January first, one thousand nine hundred and thirty-four, or has not been purchased from a Pennsylvania Liquor Store or in accordance with the Board's regulations.

Claimant's application for unemployment compensation benefits was denied by the Bureau of Employment Security (Bureau) on the basis of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which states in relevant part:

An employee shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for *willful misconduct connected with his work*. . . . (Emphasis added.)

Claimant appealed to the Board where the referee affirmed the Bureau's decision on the basis of Section 3 of the Law, 43 P.S. §752, which states in relevant part:

Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed *through no fault of their own*. (Emphasis added.)

Claimant then took his appeal to the Board, which affirmed the referee's denial of benefits, but did so

on the basis of Section 402(e) of the Law, 43 P.S. §802(e), stating that Section 402(e) and not Section 3 was applicable.

Claimant now brings his appeal to us and Section 402(e) of the Law, 43 P.S. §802(e), is the section upon which we will base our decision.

In an unemployment compensation case, review by the Commonwealth Court of Pennsylvania is limited to questions of law and to a determination of whether the findings of the Board are supported by substantial evidence. The question as to whether Claimant's conduct constituted willful misconduct is a question of law subject to our review. *Unemployment Compensation Board of Review v. Tumolo,* 25 Pa. Commonwealth Ct. 264, 360 A.2d 763 (1976).

Willful misconduct so as to preclude recovery of unemployment compensation benefits encompasses an act of wanton or willful disregard of the employer's interests, and a disregard for the standards of behavior which an employer has a right to expect of an employe. *Sun Shipbuilding and Dry Dock Co. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 289, 310 A.2d 449 (1973).

Claimant argues that violation of a statute which does not regulate his conduct while at work is irrelevant to the issue of willful misconduct connected with his work. We find this argument without merit in the case at hand. The fact that Claimant purchased the liquor while off duty and transported it in his own vehicle is not determinative here because Claimant deliberately disregarded a statute which his employer had the affirmative duty to administer and enforce. *See* Section 741 of the Code, 47 P.S. §7-741. It is not unreasonable for Employer to expect its employes to adhere to statutory requirements which it had a duty to enforce. For these reasons, we find Claimant's actions to be "work-connected" and within the disquali-

fying language of Section 402(e) of the Law, 43 P.S. §802(e).

There is no requirement that an employe's misconduct occur on the employer's premises and/or while on duty. *See Cadden Unemployment Compensation Case,* 195 Pa. Superior Ct. 159, 169 A.2d 334 (1961).

In deciding that Claimant's actions were "work-connected," we reject Claimant's argument that Section 3 of the Law, 43 P.S. §752, is applicable.

We also reject Claimant's contention that the search of his automobile and the seizure of the liquor bottles by the Liquor Control Board agents was without probable cause.

We find that the Board's decision was supported by substantial evidence in the record and therefore affirm.

Accordingly, we

ORDER

AND Now, this 20th day of September, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).