Claude B. Berger, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 30, 1984, to Judges ROGERS, CRAIG and COLINS, sitting as a panel of three.

*William C. Haynes*, for petitioner.

*Richard F. Faux*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, February 22, 1984:

Claude B. Berger, Jr., petitions this Court to reverse an Order of the Unemployment Compensatioon Board of Review, dated April 29, 1982, affirming a referee's denial of unemployment benefits.

The facts are not in dispute. Petitioner's employer, F. R. Schrieber, hosted an annual Christmas party on December 23, 1981. The party was held at a local hotel on a regular work day and the employees were paid for a full day's work by the employer. While at the party the petitioner was seen giving another employee, who was underage, his driver's license so that the other employee could obtain alcoholic beverages. After the incident, Mr. Berger admitted that he gave his driver's license to the underage employee for that purpose.

The record also indicates that the employer had approximately 87-89 minors in his employ and that on the day of the party he had expressly requested that the management of the hotel check the age cards of all employees being served alcohol so that the company would not be responsible, in any fashion, for supplying liquor to minors.

Petitioner, in a brief totally devoid of any cited authority, argues that such acts cannot be considered "willful misconduct" within the meaning of Section

402(e) of the Unemployment Compensation Law.[1] Petitioner further claims that he should have been warned of the consequences of his conduct prior to any dismissal action. Thus, he would have had to have committed at least two such acts, with at least one warning, before he could have been fired. We do not believe that this is necessary.

This Court has defined "willful misconduct" as that misconduct which

> must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

In the instant matter, the petitioner's conduct clearly indicates a wanton and willful disregard of the employer's interests, as well as a disregard for the standards of behavior which an employer may expect from any employee.

In addition to subjecting his employer to possible civil liability as a result of torts that may have been committed by intoxicated minors leaving the party, the petitioner encouraged other employees to violate standards of conduct which had been expressed to the hotel management concerning the distribution of alcohol to minors.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended*, 43 P.S. §802(e).

Petitioner violated Section 493 of the Liquor Code[2] as well as various sections of the Crimes Code relating to the purchase of alcoholic beverages by minors.[3]

It has long been the law that a criminal act connected with one's work is in itself sufficient to constitute willful misconduct, even without any company rule forbidding it. *McCullough v. Unemployment Compensation Board of Review,* 197 Pa. Superior Ct. 389, 178 A.2d 813 (1962). In discussing the case of an employee who had allegedly operated an illegal lottery at her place of employment, this Court noted that:

> [S]he should have realized that the conducting of such criminal activities on her employer's premises was an obvious violation of acceptable standards of behavior and that she was thereby subjecting herself to discharge, regardless of whether or not she had ever received an explicit notice to that effect. The claimant's activities here unquestionably constituted a disregard of standards of behavior which an employer rightfully expected of its employees and as such thus constituted willful misconduct.

*Unemployment Compensation Board of Review v. Anderson,* 23 Pa. Commonwealth Ct. 308, 311, 351 A.2d 705, 706 (1976). Although the activity in the instant matter did not occur on company premises, it was a company function, taking place during regular work hours, for which the employees were receiving a full day's compensation. It is therefore sufficiently connected with petitioner's work, particularly because other employees were involved.

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§4-493.

[3] Sections 6309-6310 of the Crimes Code, 18 Pa. C. S. §§6307, 6309, 6310.

The employer could reasonably expect that his employees would not engage in illegal conduct, which was totally inimical to his interests.

The order of the Unemployment Compensation Board of Review, April 29, 1982, affirming the referee's decision, is hereby affirmed.

ORDER

AND Now, February 22, 1984, the decision of the Unemployment Compensation Board of Review, dated April 29, 1982, affirming the Referee's denial of benefits, is hereby affirmed.