Samuel Dunbar, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 30, 1984, before Judges Rogers, Mac-Phail and Barbieri, sitting as a panel of three.

*Geoffrey M. Biringer,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles Hasson,* Deputy Chief Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Rogers, May 30, 1984:

Samuel Dunbar, Jr. has appealed from an order of the Unemployment Compensation Board of Review which affirmed a referee's decision denying him unemployment compensation benefits by reason of his asserted willful misconduct, pursuant to Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant was last employed as a maintenance repairman by the Commonwealth of Pennsylvania, Department of General Services. In August, 1981, he was involved in a domestic altercation which resulted in his being arrested and charged with aggravated assault. On December 30, 1981, while on annual leave

from his employment, the claimant was incarcerated pending trial on the assault charge. Because of his incarceration, the claimant did not report to work on January 4, 1982 as scheduled, but the following day he contacted his supervisor and informed him that due to his circumstances he would not be able to return to work until at least January 27, 1982, the date of his trial. The claimant was suspended from his employment as of January 4, 1982 as mandated by Section 7.173 of the Governor's Code of Conduct. 10 Pa. B. 4020 (1981). He was subsequently convicted of simple assault and sentenced to three to twelve months imprisonment. As a result of this conviction, he was discharged by the Department of General Services.

The claimant was released from prison on July 15, 1982 and applied for unemployment compensation for the period following his release. The Office of Employment Security notified the claimant in writing that he was ineligible for compensation because his separation from employment was the result of his willful misconduct, consisting of his arrest on a felony charge in violation of the Governor's Code of Conduct. The claimant appealed and the referee approved the denial of benefits finding that the claimant had violated the Governor's Code of Conduct. The Board of Review affirmed.

The issue here is whether the claimant's violation of the Governor's Code of Conduct per se constitutes willful misconduct making him ineligible to receive unemployment compensation.

In willful misconduct cases, the burden of establishing the claimant's ineligibility is on the employer, and our scope of review is limited to questions of law and to a determination of whether the board's findings are supported by substantial evidence. *Gallagher v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978). The

question of whether or not a claimant's conduct constitutes willful misconduct is, of course, one of law and subject to our review. *Miller v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980).

We note that the determination that the claimant was discharged for willful misconduct was not based upon his absence from work while he was in prison but solely on his arrest and conviction on a felony charge made a cause for discharge by the Governor's Code of Conduct.

As will be observed, there is a sharp difference in law between cause for discharge under the Governor's Code of Conduct and willful misconduct which bars the receipt of unemployment compensation. *See also Grace v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 412, 412 A.2d 1128 (1980). Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e) provides that an employee shall be ineligible for compensation for any week—

> (e)   In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct *connected with his work.* (Emphasis supplied.)

Section 7.173 of the Governor's Code of Conduct, 10 Pa. B. 1040 (1981), reproduced below, provides for the discharge of all Commonwealth employees who are charged and convicted of a felony regardless of whether the employee's criminal conduct was connected with his work:

> As soon as practicable after an employe has been formally charged with criminal conduct related to his or her employment with the Commonwealth or which constitutes a felony, such employe shall be suspended without pay. If

such charge results in a conviction in a court of law, such employe shall be terminated.

Although the executive may and properly does require that Commonwealth employees should obey the law off the job as well as on and may discharge them for failing to do so, a worker is not ineligible for unemployment compensation unless his discharge is for willful misconduct connected with his work. *Adams v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 486, 397 A.2d 861 (1979); *Gallagher,* 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978).

The events which resulted in the claimant's arrest and conviction did not occur while the claimant was at work. Further, his unlawful conduct was not of a kind which would reflect badly on his fitness or ability to be a maintenance repairman, in contrast with the conduct of the claimants in *Adams v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 486, 397 A.2d 861 (1979) (claims manager convicted of conspiracy and mail fraud); *Perdue v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977) (construction inspector convicted of retail theft); *Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976) (school bus driver convicted of a morals charge). Since the claimant's criminal conduct was not connected with his work and did not reflect adversely on his fitness to be a maintenance mechanic, the conclusion that he was discharged for willful misconduct was erroneous.

Order reversed.

### ORDER

AND Now, this 30th day of May, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.