Donald E. Wallace, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

328

Argued April 30, 1984, before Judges Rogers, Mac-Phail and Barbieri, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, June 21, 1984:

Donald E. Wallace (Claimant) appeals the order of the Unemployment Compensation Board of Review (Board) which denied him benefits pursuant to Section 3 of the Unemployment Compensation Law (Act).[1]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752, which provides in part:

Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their own. The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the needs of protection against the hazards of unemployment and indigency. The Legislature, there-

Claimant was employed by the Pennsylvania Department of Transportation (Employer) in the maintenance department as a dump truck driver for twelve years. On July 16, 1982, Claimant was suspended indefinitely according to the terms of Section 7.173 of the Governor's Code of Conduct[2] because he was arrested and charged with the felony of arson. Claimant filed for unemployment benefits which were denied by the Office of Employment Security under Section 3 of the Act. After a hearing, the referee reversed Claimant's ineligibility because there was no competent evidence to indicate Claimant's guilt of the alleged felony. The referee awarded Claimant benefits from July 31, 1982 through August 14, 1982, because Claimant was temporarily unemployed through no fault of his own. The Board reversed the referee and denied benefits, reasoning that since Claimant became involved in circumstances which led to his arrest for the commission of a felony, he must be deemed to have done so through his own fault.

Claimant argues that Employer failed to prove that Claimant was suspended due to his own fault and that the criminal charge directly affected his ability to perform his job.

---

fore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

[2] 4 Pa. Code §7.173, which provides:

As soon as practicable after an employe has been formally charged with criminal conduct related to his employment with the Commonwealth or which constitutes a felony, such employe shall be suspended without pay. If such charge results in conviction in a court of law, such employe shall be terminated.

In *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 57, 353 A.2d 915, 917 (1976) we held:

> [i]n order to deny compensation under Section 3 of the Act, more is needed than mere evidence of an *arrest* for a crime. The employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is inconsistent with acceptable standards of behavior and which *directly* reflects upon his ability to perform his assigned duties.

Our review of the record reveals that Employer did not meet its burden of proof as set forth in *Derk*. While it is undisputed that Claimant was arrested for a crime, the Employer did not present any evidence showing that Claimant was at fault for the alleged arson. The record indicates that Employer was even uncertain about the nature of the crime. When the referee asked the Employer's witness what charges were filed against Claimant, the witness responded "I think they were arson." Since this was the only testimony relating to the alleged arson, Employer failed to prove fault on the part of the Claimant.

Employer also failed to prove that Claimant's conduct leading up to the arrest directly reflected upon his ability to perform his work. There is nothing in the record which shows that Claimant's conduct pertaining to the alleged arson directly affected his work responsibilities as a dump truck driver in the maintenance department for Employer.

Claimant also argues that his suspension from work under the Governor's Code of Conduct is insufficient in and of itself to support a denial of unemployment benefits. We agree. In *Dunbar v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 575, A.2d (1984), we held that even if a claimant was suspended under the Governor's

Code of Conduct, it is the Unemployment Compensation Law which determines whether a claimant will receive benefits.[3] As we have previously stated, Employer failed to prove that Claimant was unemployed through fault of his own and accordingly Claimant is entitled to benefits under Section 3 of the Act.

The decision by the Board is reversed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-212589, dated December 8, 1982, is reversed.

---

[3] In *Dunbar* the claimant was also suspended under the Governor's Code of Conduct. While the issue in *Dunbar* was willful misconduct, we stated that a claimant becomes ineligible for benefits only if his discharge is for willful misconduct connected with his work. In the case *sub judice*, the Board's brief notes that even if Claimant is not ineligible by virtue of the provisions of Section 3, his alleged violation of the Governor's Code of Conduct would constitute willful misconduct. *Dunbar*, of course, is contra to Employer's contention in this regard.