538 A.2d 986

Southeastern Pennsylvania Transportation Authority, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 13, 1987, to Judges MacPhail and Barry, and Senior Judge Narick, sitting as a panel of three.

*Nicholas J. Staffieri*, for petitioner.

*Patricia V. Pierce*, for intervenor, Nancy Ann Davis.

No appearance for respondent.

OPINION BY JUDGE BARRY, March 9, 1988:

Southeastern Pennsylvania Transportation Authority (SEPTA) appeals a decision of the Unemployment Compensation Board of Review (Board) which granted unemployment benefits to Nancy Ann Davis (claimant) stating that the acts that led to the claimant's separation from her employment were not an instance of willful misconduct as defined by Section 402(e) of the Unemployment Compensation Law (Law).[1]

The claimant was employed by SEPTA as a police officer. On July 4, 1985, the claimant and her daughter were passengers on a crowded SEPTA sub-surface trolley. Three unruly passengers entered the trolley. Further events can be explained by the referee's factual findings:

> 4. The claimant was subjected to smoke and sprinkles of spittle being blown on the back of her neck.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

5. Claimant identified herself as a SEPTA police officer and ordered one of the unruly passengers to stop smoking, which led to a verbal and physical confrontation with the three passengers.

6. The claimant was threatened to the point of removing her revolver from a backpack and placing it in her belt in an attempt to restore order.

7. Claimant was pushed and cursed at but at no time threatened to use her firearm or physically harm any of those being arrested.

8. The claimant and her daughter were continually harassed even after advising the rowdy passengers three times that they were under arrest.

9. Claimant's attempts to have the operator of the trolley stop the vehicle and summon help went for naught.

10. The three passengers were arrested by a Philadelphia policeman at the next stop and subsequently convicted of several crimes aboard a public vehicle.

(Referee's findings of fact, Appeal No. 85-1-0-943, November 14, 1985). The claimant was dismissed by SEPTA for alleged use of excessive force during an arrest on a SEPTA vehicle.

The claimant applied for benefits with the local Office of Employment Security (OES). OES approved this application. The referee, based upon the aforementioned factual findings, concluded that the claimant did not use excessive force and her actions did not cause her to be ineligible under Section 402(e) of the Law. The Board, after first remanding to the referee to correct an error in the record, concluded that the referee's determination was correct. From this decision SEPTA appeals to this Court.

Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

SEPTA alleges the Board erred as a matter of law by affirming the referee's grant of benefits to the claimant. Specifically, SEPTA alleges that the claimant's use of her service revolver constitutes deadly force which is improper in making an arrest of a summary offender. SEPTA further contends that the alleged misuse of deadly force constitutes willful misconduct and, therefore, the claimant is barred from recovery under Section 402(e) of the Law.

Section 508 of the Pennsylvania Crimes Code[2] states:

> A peace officer . . . is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using deadly force only when he believes that such force is necessary to prevent death or serious bodily injury to himself or such other person, or when he believes both that:
> (i) such force is necessary to prevent the arrest from being defeated by resistance or escape; and
> (ii) the person to be arrested has committed or attempted a forcible felony or is attempting to escape and possesses a deadly weapon, or otherwise indicates that he will endanger human life or inflict serious bodily injury unless arrested without delay.

---

[2] Secton 508 of the Crimes Code, 18 Pa. C. S. §508.

18 Pa. C. S. §508. We do not believe that the claimant's use of her service weapon was an instance of the use of deadly force. As found by the Board, the use consisted of removing the weapon from a backpack and placing the weapon in the claimant's belt. Deadly force is defined as "force likely or intended to cause death or great bodily harm; may be reasonable or unreasonable, depending on the circumstances." Black's Law Dictionary 359 (5th Ed.). As found by the referee and affirmed by the Board, the amount of force used by the claimant was reasonably necessary to protect herself, her daughter and her fellow passengers. We are not convinced by SEPTA's argument, void of any controlling authority, that the claimant's use of her service weapon, constituted a misuse of deadly force.

Nor are we convinced that the claimant's actions constituted willful misconduct under Section 402(e) of the Law. Section 402(e) of the Law states that an employee will be ineligible for benefits when:

> his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment'. . . .

43 P.S. §802(e).

> Willful misconduct is defined as conduct which: [M]ust evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Berger v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 388, 390, 471 A.2d

912, 913 (1984). The burden of proving willful misconduct rests with the employer. *Brant v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 373, 477 A.2d 596 (1984).

The Board specifically found that the claimant's use of her weapon, placing the weapon in her belt, did not constitute willful misconduct. The Board also found that the claimant's use of her weapon was entirely justified and reasonable. Our review of the record indicates that these factual findings are based upon substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Therefore, we affirm the Board's decision to grant benefits to the claimant.

ORDER

NOW, March 9, 1988, the decision of the Unemployment Compensation Board of Review, dated July 25, 1986, at No. B-251273, is affirmed.