Patrick J. CONLON, Appellant,

v.

**RETIREMENT BOARD
OF ALLEGHENY
COUNTY.**

Commonwealth Court of Pennsylvania.

Argued June 8, 1998.
Decided July 17, 1998.

George W. Jacoby, Pittsburgh, for appellant.

John M. Means, Pittsburgh, for appellee.

Before PELLEGRINI and KELLEY (P.), JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Patrick Conlon (Appellant) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) upholding the decision of the Retirement Board of Allegheny County (Board) that Appellant's retirement allowance was properly reduced pursuant to Section 1710(b) of the Second Class County Code (County Code).[1] We reverse.

The following facts are not disputed. Appellant was employed as manager of security in the county's Department of Administration, Division of Computer Services. On Saturday, February 24, 1996, Appellant was arrested and jailed on charges of indecent exposure and open lewdness. Citing personal reasons, Appellant arranged to take three vacation days and planned to return to work the following Thursday. Prior to his return, John L. Day, then Acting Director of Computer Services, informed Appellant that County Commissioners Larry Dunn and Bob Cranmer had suspended him without pay. On March 29, 1996, Commissioners Dunn and Cranmer terminated Appellant's employment. Appellant received no written explanation for his suspension or termination, although Day told him that the actions were due to his arrest.

Appellant was an at-will employee and did not contest his termination.[2] At the time of his discharge, Appellant was fifty-seven years old and had been employed with the county's computer services division in a managerial capacity for almost twenty-six years. Based upon his age and years of service, Appellant was entitled to a retirement allowance pursuant to Section 1710(b) of the County Code.

Day forwarded a "Termination of Service Form," dated March 29, 1996, to the Board, selecting from among seven printed choices "Dismissed through no fault or act of his or her own" as the reason for termination. On April 18, 1996, Cheryl Bateman, the Board's Acting Executive Director, contacted Thomas J. Hillman, Acting Director of Computer Services, and requested a clarification of Appellant's termination status. Bateman had received Form PAA–100 (County of Allegheny, Personnel Action Authorization), signed by Commissioners Dunn and Cranmer, reflecting that Appellant was involuntarily terminated from an indefinite suspension. Hillman subsequently issued a second "Termination of Service" form, selecting "In-voluntary Retirement" as the reason for termination.

As a result of the change, Appellant's monthly retirement allowance was reduced by $284.15, from $2104.82 to $1820.67. Appellant received two reduced pension checks, without written explanation from the Board. By letter dated June 5, 1996, Appellant filed an appeal from the Board's determination of his retirement allowance and requested a hearing pursuant to Local Agency Law.[3]

Hillman testified that he received a letter from Bateman requesting him to contact Board solicitor Bruce Campbell to resolve the perceived discrepancy between Appellant's first "Termination of Service" form and the PAA–100 form reflecting Appellant's suspension status. Hillman stated that Attorney Campbell advised him that the form must be changed to reflect termination for cause. Hillman testified that he argued against the change, because he believed that Appellant had not been suspended for any work-related reason and had been performing his duties without incident. However, Hillman stated that, according to Attorney Campbell, Appellant's retirement application could not be processed without the change. Hillman stated that he made the change, but protested the action to the Board.

---

1. Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. § 4710(b). In pertinent part, that section provides that any county employee, age fifty or older, with twenty or more years of service, who is separated from county service by reason of no cause or act of his own, shall receive a retirement allowance.

2. An at-will employee, absent a contract, may be terminated at any time, for any reason or for no reason. *Stumpp v. Stroudsburg Municipal Authority*, 540 Pa. 391, 658 A.2d 333 (1995).

3. 2 Pa.C.S. §§ 551–555, 751–754.

The Board presented the testimony of John J. Wink, who was appointed as the county's Director of Human Resources in January of 1996. Wink testified that he was directed by Commissioner Dunn's chief of staff to process Appellant's suspension form. The reason for the suspension, as communicated to Wink by the chief of staff, was the alleged conduct leading to Appellant's arrest.

Wink was later present at a closed meeting with Commissioners Dunn and Cranmer and their chiefs of staff and was directed by the commissioners to prepare a discharge form for their signature. Wink opined that the commissioners terminated Appellant for cause, but he would not state that they had expressed that fact. Wink believed Appellant was discharged because of his arrest. Wink testified that he advised the commissioners that a person in charge of security could do a lot of damage to a computer system.

Following the hearing, the Board, with one member dissenting, denied Appellant's appeal, finding that Appellant was terminated due to his arrest and the events leading up to the arrest. The trial court affirmed.

On appeal to this Court,[4] Appellant notes that the statute does not define the phrase "by reason of no cause or act of his or her own." In this case of first impression, Appellant asks the Court to provide guidelines for the Board to follow when making determinations under Section 1710(b) of the County Code. Appellant argues that, for purposes of reducing an employee's retirement allowance, "cause" must be interpreted to mean conduct that is related to his work or his ability to perform his duties.

■ Appellant asserts that a reduced retirement allowance is, in principle, a partial forfeiture. Appellant asks the Court to follow Section 3 of the Public Employee Pension Forfeiture Act (Forfeiture Act),[5] which provides that a public employee forfeits retirement benefits if he is convicted or pleads

guilty or no defense to any crime related to his public employment. Pension benefits may not be denied under the Forfeiture Act based solely on allegations of criminal misconduct. *Christy v. Board of Pensions and Retirement of City of Philadelphia*, 531 Pa. 88, 611 A.2d 198 (1992).

■ Appellant also urges the Court to adopt the analysis of "fault" utilized in determinations under Section 3 of the Unemployment Compensation Law (UC Law).[6] Section 3 of the UC Law sets forth the underlying public policy of the act and provides that unemployment reserves be used for the benefit of persons "unemployed through no fault of their own." In contrast to Section 402(e) of the UC Law, 43 P.S. § 802(e) (willful misconduct), Section 3 is used to disqualify claimants for non-work-related misconduct. In order for a claimant to be denied benefits under Section 3 of the UC Law, an employer must establish (1) that the claimant's conduct was contrary to acceptable standards of behavior and (2) that the conduct in question directly reflects upon the claimant's ability to perform his assigned duties. *Gillins v. Unemployment Compensation Board of Review*, 534 Pa. 590, 633 A.2d 1150 (1993). Under this analysis, an off-duty arrest, absent evidence of the underlying charge, will not preclude an award of benefits. *Id.* In addition, a conviction alone will not bar receipt of benefits if the conduct does not reflect upon the employee's fitness to perform his job. *Dunbar v. Unemployment Compensation Board of Review*, 82 Pa.Cmwlth. 575, 475 A.2d 1355 (1984).

The Board asserts that the reduction of a retirement allowance is not the same as a forfeiture and that unemployment compensation law is not relevant to a determination under Section 1710(b) of the County Code. The Board maintains that the disposition of the charges and the issue of whether Appellant's arrest was work-related are not rele-

---

4. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 754 of the Administrative Agency Law, 2 Pa.C.S. § 754.

5. Act of July 8, 1972, P.L. 752, 43 P.S. § 1313.

6. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 752.

vant or dispositive in this case. The Board also argues that if the commissioners terminated Appellant on the belief that he was arrested for indecent conduct, or anything else, the provisions of Section 1710(b) are satisfied.

The Board asserts that Appellant's arrest and alleged immorality were sufficient cause for reduction of his retirement allowance, citing the definition of "cause" as "a reason for an action or condition." [7] The Board appears to believe that the "cause" for Appellant's termination need not be further examined, because the legislature did not use the phrase "just cause" in Section 1710(b). We firmly reject the notion that the Board, an independent body that determines the amount of money a pensioner receives, has no duty to review the facts alleged as cause when making such determinations.[8]

■■■ Appellant's retirement allowance is part of his compensation for services rendered during his active employment. *McKenna v. State. Employees' Retirement Board,* 54 Pa.Cmwlth. 338, 421 A.2d 1236 (1980), *aff'd,* 495 Pa. 324, 433 A.2d 871 (1981). The right to receive retirement benefits becomes completely vested when the conditions for eligibility are met. *Id.* Considering the nature of the right involved, we conclude that "cause" for which a vested retirement allowance can be reduced must be work-related or have a relationship to the employee's fitness to perform his duties. Thus, where off-duty conduct is alleged as cause, the Board must examine all of the relevant circumstances, including the specific nature of the conduct, the nature of the employee's job duties, and any other circumstances that may particularly affect the employee's ability to perform his job. *See Phoebus v. Unemployment Compensation Board of Review,* 132 Pa.Cmwlth. 518, 573 A.2d 649 (1990); *Robinson v. Unemployment Compensation Board of Review,* 119 Pa.Cmwlth. 133, 546 A.2d 750 (1988).

■■■ In this case, the Board reduced Appellant's retirement allowance based solely on the fact of his off-duty arrest. No evidence was presented regarding the underlying conduct nor was there any evidence that the alleged conduct bore a relationship to Appellant's ability to perform his job. Accordingly, the Board erred in reducing Appellant's retirement allowance. *See Phoebus.*

We observe that the procedures utilized by the Board provide no safeguards from abuse. No written explanation is provided to an employee either before or after a determination to reduce his retirement allowance is made. Nor is a written explanation of the reason for termination provided to the Board. As a result, the Board's initial determination to reduce Appellant's retirement allowance was made without any evidence that such action was warranted. Additionally, absent a written statement of the basis for termination, there can be no assurance that the reasons later proffered actually existed at the time of discharge. A written explanation of the reason for termination is essential to meaningful review by the Board and the courts.

Accordingly, we reverse.

### ORDER

NOW, July 17, 1998, the order of the Court of Common Pleas of Allegheny County, at No. S.A. 97–458, dated September 17, 1997, is reversed.

---

7. Black's Law Dictionary 221 (6th ed.1990).

8. The county's retirement system is under the sole direction of the Board. The Board is a statutorily created independent body, comprised of the three county commissioners, the treasurer, the controller, and two persons elected by and from the members of the retirement system. Section 1703 of the County Code, 16 P.S. § 4703.