**Bret WAGNER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 2008.

Decided Jan. 12, 2009.

Reargument/Reconsideration Denied March 10, 2009.

Bret Wagner, petitioner, pro se.

Janet M. Tarczy, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge [1], and BUTLER, Judge.

OPINION BY Judge BUTLER.

Bret Wagner (Claimant) petitions this Court for review of the April 9, 2008 decision and order of the Unemployment Compensation Board of Review (UCBR) affirming the Referee's decision to deny benefits under Section 402(b) of the Unemployment Compensation Law.[2] Claimant argues that the UCBR erred in finding that he did not have a necessitous and compelling reason for voluntarily quitting

his job. We agree and, for the following reasons, we reverse the order of the UCBR.

Claimant was employed full-time as a technical inspector for ITT Corporation c/o Industries, Inc. (Employer) from March 7, 2007 until December 25, 2007, working overseas in Iraq. He first worked in Iraq doing the same job for L3 Communications Vertex Aerospace (L3 Communications), beginning in November of 2006.[3] Claimant took twenty-eight days leave, beginning November 23, 2007, in order to lend support to his fiancée,[4] who was dealing with a contentious custody battle with an abusive ex-boyfriend, and a child who suffered from a congenital heart defect and microcephaly. Claimant left to return to Iraq on December 17, 2007, and found that he was unable to handle the issues in his home life from that significant distance. He spoke to his manager, John Merch, about his desire to transfer stateside in order to be with his fiancée under the circumstances. However, because there were no stateside jobs available with Employer and, even if there were, he would not have been eligible for one until he worked for Employer for one year, Claimant resigned his position with Employer on December 25, 2007 and returned home. Employer has not participated in these proceedings.

■ Claimant applied for unemployment compensation benefits on December 28, 2007, which were denied by the Penn-

1. The decision in this case was reached before January 1, 2009, when Judge Friedman assumed the status of senior judge.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

3. Claimant began working in Iraq for L3 Communications in November of 2006. Employer had a contract which it hired L3 Com-

munications to fulfill on its behalf. Eventually, Employer resumed its obligations under its contract, and discharged L3 Communications. Claimant was then laid off by L3 Communications. When Employer took over in March of 2007, Claimant was offered a job with Employer, which Claimant accepted.

4. Claimant married his fiancée on December 31, 2007.

sylvania Department of Labor and Industry, Bureau of Unemployment Compensation Benefits and Allowances (Bureau) on the grounds that Claimant did not have necessitous and compelling reasons to quit his job. Claimant appealed, and a hearing was held before a Referee who, likewise, denied Claimant benefits. Claimant appealed the Referee's decision to the UCBR which, on April 9, 2008, affirmed the Referee's decision and denied Claimant benefits. Claimant appealed the UCBR's decision to this Court.[5]

■ Claimant argues on appeal that his family's needs presented a necessitous and compelling reason for him to voluntarily quit his job with Employer in Iraq.[6] We agree.

■ Section 402(b) of the Unemployment Compensation Law provides, "[a]n employe shall be ineligible for compensation for any week—[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature...." Necessitous and compelling reasons for voluntarily terminating employment result from "circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. An employee voluntarily terminating employment has the burden of proving his termination was necessitous and compelling." *Renda v. Unemployment Comp. Bd. of Review*, 837 A.2d 685, 691 (Pa.Cmwlth.2003) (citations and quotations omitted). Family obligations can be sufficiently necessitous and compelling to entitle a claimant to unemployment compensation benefits. *See Wallace v. Unemployment Comp. Bd. of Review*, 38 Pa.Cmwlth. 342, 393 A.2d 43 (1978) (declared unconstitutional the section of the Unemployment Compensation Law that disqualified from benefits claimants who voluntarily terminate their employment for marital, filial or domestic reasons).

The Pennsylvania Supreme Court, in *Taylor v. Unemployment Comp. Bd. of Review* held:

if a worker leaves his employment when he is compelled to do so by necessitous circumstances or because of legal or family obligations, his leaving is voluntary with good cause, and under the act he is entitled to benefits. The pressure of necessity, of legal duty, or family obligations, or other overpowering circumstances and his capitulation to them transform what is ostensibly voluntary unemployment into involuntary unemployment.

474 Pa. 351, 359, 378 A.2d 829, 833 (1977) (quoting *Bliley Elec. Co. v. Unemployment Comp. Bd. of Review*, 158 Pa.Super. 548, 45 A.2d 898 (1946)). Based upon that premise, this Court, in *Beachem v. Unemployment Comp. Bd. of Review*, 760 A.2d 68 (Pa.Cmwlth.2000), granted benefits to a claimant when he quit his job to return to live with his son, who was suffering from emotional and behavioral problems in his absence. In *Speck v. Unemployment Comp. Bd. of Review*, 680 A.2d 27 (Pa. Cmwlth.1996), this Court awarded benefits

5. The Court's review is limited to determining whether Claimant's constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. 2 Pa.C.S. § 704; *Sheets v. Unemployment Comp. Bd. of Review*, 708 A.2d 884 (Pa. Cmwlth.1998).

6. Claimant also avers that the UCBR's denial of benefits under Section 402(b) of the Unemployment Compensation Law was in error, since Section 402 was repealed on May 22, 1933. This issue, however, need not be addressed in light of our holding in this case.

to a claimant who quit his job when a transfer created a daily commute consisting of 337 miles each way and he was newly married, and the only child of a parent who needed his assistance from time to time due to a heart condition.

Claimant in this case enjoyed his job, and was in Iraq for a year before taking any leave to visit his family. Notes of Testimony, February 22, 2008 (N.T.), at 3–5. Due to the time difference between Iraq and Pennsylvania, he found it difficult to help his fiancée work out difficulties she was experiencing with an abusive ex-boyfriend, and a custody battle over her 3–year–old child. N.T. at 4–5, 8. Added to that, the child, who already suffered from a congenital heart defect, had been diagnosed with microcephaly, and was required to see multiple specialists. N.T. at 9. His fiancée's only family in her area is an elderly grandmother who does not leave her home. N.T. at 9. Under the circumstances, Claimant felt compelled to use all of his accumulated leave time to return home for 28 days to assist her. N.T. at 4–6. Knowing that his fiancée was under such significant pressure and risk of potential physical harm, and that a trip home could take several days, he could no longer work thousands of miles from home. N.T. at 4–6, 8, 10. He made reasonable efforts to preserve his employment, however, the Employer could not offer him a job stateside. N.T. at 5–6, 10.

Claimant's domestic circumstances produced pressure for him to terminate employment that was both real and substantial, and would compel a reasonable person under similar circumstances to act in the same manner. *See Renda.* Claimant's voluntary termination of his employment was, therefore, due to necessitous and compelling reasons. The UCBR, thus, erred in finding that Claimant was not eligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law. The decision and order of the UCBR is, therefore, reversed.

### ORDER

AND NOW, this 12th day of January, 2009, the April 9, 2008 order of the Unemployment Compensation Board of Review is reversed.