# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vital Support Home Healthcare, :
:
Petitioner :
:
v. : No. 1107 C.D. 2015
: Submitted: September 29, 2017
:
Unemployment Compensation :
Board of Review, :
Respondent :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. WESLEY OLER, Jr., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  January 26, 2018


Vital Support Home Healthcare (Employer) petitions for review from a final order of the Unemployment Compensation Board of Review (Board), which reversed a decision of a referee and granted unemployment compensation (UC) benefits to Michael Johnson (Claimant) upon determining that he was not ineligible for UC benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] for willful misconduct.  Employer argues that the Board's findings are not supported by substantial evidence and that the Board capriciously disregarded competent evidence.  Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

## I. Background

Employer employed Claimant as a home health aide from June 2012 until his last day of work on January 14, 2015. After his separation from employment, Claimant applied for UC benefits, which a local service center granted. Employer appealed, and a referee held a hearing, at which Claimant and two witnesses for Employer testified.

Based on the testimony and other evidence presented, the referee found that Claimant violated Employer's absenteeism/attendance policy by failing to report for work as scheduled or notify Employer in advance of his absence without good cause. Thus, the referee concluded that Claimant was ineligible for UC benefits under Section 402(e) of the Law for willful misconduct. Claimant appealed.

On appeal, the Board reversed. Based on the record created by the referee, the Board made the following findings. Claimant had been serving as a home health aide for his ex-girlfriend. On January 14, 2015, Claimant received a call from Employer advising him that the client no longer wanted Claimant to provide services for her. Employer informed Claimant that no other clients were available and that it would contact Claimant when work was available. Thereafter, Claimant received no phone calls or mail from Employer. Board Op., 6/2/2015, Findings of Fact (F.F.) Nos. 2-5.

Although Employer's witnesses refuted Claimant's assertion that the client no longer wanted Claimant's services and that Claimant did not respond to Employer's phone calls, the Board resolved the conflicts in testimony in Claimant's favor. The Board noted that Employer could not verify the telephone number at which Employer attempted to reach Claimant and that Employer mailed Claimant's discharge letter to an incorrect address. Because Claimant's assignment ended

through no fault of his own and no further work was provided, the Board concluded that benefits may not be denied for willful misconduct under Section 402(e) of the Law. Thus, the Board reversed the referee's decision and awarded UC benefits to Claimant. Employer then petitioned this Court for review.[2]

## II. Issues

Employer contends that the Board erred in granting UC benefits to Claimant because its findings are not supported by substantial evidence. First, Employer contends that the Board's finding that Employer informed Claimant that there were no other clients available (F.F. No. 4) is based solely on Claimant's testimony, which was refuted by Employer's witnesses. Second, the Board's finding that Claimant received no phone calls or mail from Employer (F.F. No. 5) capriciously disregards the testimonial and documentary evidence to the contrary. Employer's inability to verify Claimant's phone number during the referee's hearing does not support the Board's finding that Employer never attempted to reach Claimant. Employer urges that the facts as found by the referee support the conclusion that Claimant's actions constituted disqualifying willful misconduct.

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014). In addition, review for "capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the Court." *Leon E. Wintermeyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002). "A capricious disregard amounts to a willful or deliberate ignorance of evidence which a reasonable person would consider important." *Id.*

3

## III. Discussion

We begin by noting that the Board, not the referee, is the ultimate fact-finder in UC matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded to the evidence. *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). "Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the [Board] and are not subject to re-evaluation on judicial review." *Bell v. Unemployment Compensation Board of Review*, 921 A.2d 23, 26 n.4 (Pa. Cmwlth. 2007). "[T]he Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief." *Stockdill v. Unemployment Compensation Board of Review*, 368 A.2d 1341, 1343 (Pa. Cmwlth. 1977). We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999).

"It is irrelevant whether the record contains evidence to support findings other than those made by the fact finder; the critical inquiry is whether there is substantial evidence in the record to support the findings actually made . . . ." *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015); *accord Ductmate*, 949 A.2d at 342. We examine the record to see if it contains evidence a reasonable person might find sufficient to support the Board's findings. *Wise*, 111 A.3d at 1262; *Ductmate*, 949 A.2d at 342. Where the record contains such evidence, the findings must be upheld, even though the record may contain conflicting evidence. *Ductmate*, 949 A.2d at 342. Further, the prevailing party before the Board is entitled to the benefit of all reasonable inferences drawn from the evidence. *Id.*

4

Section 402(e) of the Law provides that an employee will be ineligible for UC benefits for any week in which his "unemployment is due to his discharge . . . for willful misconduct." 43 P.S. §802(e). "Whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012).

The employer bears "the burden of proving that it discharged an employee for willful misconduct." *Adams v. Unemployment Compensation Board of Review*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). This Court has defined willful misconduct as:

> (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations.

*Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014).

Where an employer seeks to deny UC benefits based on a work-rule violation, the employer must prove the existence of a work rule, the reasonableness of the rule and the employee's violation of the rule. *Maskerines v. Unemployment Compensation Board of Review*, 13 A.3d 553, 557 (Pa. Cmwlth. 2011). If the employer meets its burden, the burden then shifts to the claimant to demonstrate good cause for his actions. *Johns*, 87 A.3d at 1010.

This Court has found that absenteeism may be considered willful misconduct in events of excessive absences, failure to notify the employer in

5

advance of absence, lack of good or adequate cause for the absence, disobedience of existing company rules, regulations or policy with regard to absenteeism, or disregard of warnings regarding absenteeism. *Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 113 (Pa. Cmwlth. 2015) (citing *Pettey v. Unemployment Compensation Board of Review*, 325 A.2d 642, 643 (Pa. Cmwlth. 1974)). Employers have "the right to expect that . . . employees will attend work when they are scheduled, that they will be on time, and that they will not leave work early without permission." *Grand Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012) (quoting *Fritz v. Unemployment Compensation Board of Review*, 446 A.2d 330, 333 (Pa. Cmwlth. 1982)).

Here, Employer contends that it discharged Claimant for his failure to report to work as scheduled, without notifying Employer, in violation of its attendance/absenteeism policy. According to Employer, Claimant simply stopped reporting for work and did not respond to Employer's calls. However, the Board found differently. The Board found that Claimant received a call from Employer advising him that the client no longer wanted his services and that Employer had no other clients available for Claimant to work. F.F. Nos. 3, 4. Employer told Claimant that it would contact him when work was available, but Claimant did not receive a phone call or mail from Employer thereafter. F.F. Nos. 4, 5.

Employer attacks the Board's findings as unsupported by the record. Specifically, Employer asserts that only Employer, not clients, can terminate the services of a home health aide. Employer also contends that Claimant's testimony was directly contradicted by its witnesses, who testified that continuing work was available for Claimant. Reproduced Record (R.R.) at 9a-10a. However, the Board

6

resolved the conflicts in testimony in favor of Claimant. Claimant credibly testified that *Employer* called him and informed him that the client no longer needed his services, not the client. R.R. at 6a, 17a-18a. Claimant elaborated that the client, over the years, had expressed her desire for another aide; however, Claimant continued to serve in this capacity. R.R. at 19a-20a. Claimant testified that, on the afternoon of January 14, 2015, after he worked for the client earlier that day without incident, someone from Employer called him and told him his services were no longer needed because the client requested a substitution. R.R. at 19a, 21a. Although Employer denied receiving a substitution request from the client, Employer's witness confirmed "clients usually call us and tell us they want another attendant, and we will schedule them." R.R. at 9a. Claimant also testified that he asked for assignment to another client and was advised that Employer did not have any clients for him to work. R.R. at 18a, 24a. Claimant testified that, after this call, he did not receive the discharge notice or any voicemails from Employer. R.R. at 18a, 20a, 21a, 24a. Claimant's testimony constitutes competent, substantial evidence to support the Board's findings of fact. Employer's arguments to the contrary amount to little more than an impermissible attack on the credibility determinations of the factfinder.

In addition, Employer contends that the Board capriciously disregarded competent evidence. Specifically, Employer argues that the Board disregarded Employer's evidence that it attempted to contact Claimant numerous times between January 15 and 20, 2015, but received no return phone call. *See* R.R. at 11a-16a, 32a-34a. The Board considered this evidence but credited Claimant's testimony that he did not receive the discharge notice or any voicemail from Employer. R.R. at 24a. The Board noted that Employer sent the discharge notice to an incorrect

7

address.[3]  The Board also noted Employer's witness could not identify the phone number that they used when attempting to reach Claimant.  Board Op. at 2; *see* R.R. at 17a.  It is within the province of the Board to draw reasonable inferences from the evidence.  *See Ductmate*, 949 A.2d at 342.  Where the Board expressly considers and rejects evidence, such does not constitute a capricious disregard of evidence.  *Williams v. Workers' Compensation Appeal Board (USX Corporation-Fairless Works)*, 862 A.2d 137, 145 (Pa. Cmwlth. 2004).  Because the Board considered the evidence presented by both parties and resolved the conflicts in evidence in favor of Claimant, there was no capricious disregard of evidence.

## IV. Conclusion

Upon review, the Board's findings are supported by substantial evidence and support the Board's conclusion that Employer failed to meet its burden of proving that it terminated Claimant's employment for willful misconduct.  Thus, the Board properly concluded that Claimant was not ineligible from receiving benefits under Section 402(e) of the Law.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

---

[3] Employer sent the termination letter to Claimant at "5119 Hazel Avenue."  R.R. at 9a, 30a.  However, Claimant's address is "5127 Kingsessing Avenue."  R.R. at 2a.  This evidence supports Claimant's testimony that he never received the discharge notice.  R.R. at 24a.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vital Support Home Healthcare,  :
                                :
              Petitioner  :
                                :
          v.                :  No. 1107 C.D. 2015
                                :
                                :
Unemployment Compensation  :
Board of Review,  :
             Respondent  :

## O R D E R

AND NOW, this 26th day of January, 2018, the order of the Unemployment Compensation Board of Review, dated June 2, 2015, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge