OPINION BY JUDGE FIZZANO CANNON
County of Allegheny/Fifth Judicial District of Pennsylvania (Employer) petitions for review of the September 20, 2018 order of the Unemployment Compensation Board of Review (Board) finding that Anthony J. Serrao (Claimant) is not ineligible for benefits under Section 3 of the Unemployment Compensation Law (Law).[1]
Claimant was employed by Employer from October 2009 to May 10, 2018 as a full-time project coordinator. Board's Finding of Fact (F.F.) 1. On September 23, 2016, while off-duty, Claimant operated his personal motor vehicle while driving under the influence (DUI) and was subsequently convicted of DUI. Board's F.F. 3 & 4. Claimant reported his conviction to his immediate supervisor, as required. Board's F.F. 5. On May 10, 2018, Employer terminated Claimant's employment due to his DUI conviction. Board's F.F. 8.
The Department of Labor and Industry (Department) issued a determination denying benefits to Claimant under Section *1142 402(e) of the Law[2] for willful misconduct. Department's Determination at 1. After a hearing, the referee affirmed the Department's determination and found that it is Employer's practice, in accordance with its code of conduct, to terminate employees who are convicted of criminal conduct even when the conduct is unrelated to their employment or occurs off-duty. Referee's Decision and Order at 4 & F.F. 4. The referee determined that Section 402(e) of the Law applied, rather than Section 3, and found that Claimant violated the code of conduct by engaging in criminal behavior resulting in his DUI conviction. Referee's Decision and Order at 3. Claimant appealed the referee's decision to the Board.
The Board reversed the referee's decision and found that Section 3 of the Law applied, rather than Section 402(e), because Claimant's conduct was not work-related. Board's Decision and Order at 2. The Board noted that although the conduct leading to the criminal arrest may have been inconsistent with acceptable standards of behavior, it did not directly reflect upon Claimant's ability to perform his assigned duties. Id. at 3. Upon review, we affirm.[3]
Before this Court, Employer argues that in determining Claimant's eligibility for benefits, Section 402(e) of the Law, rather than Section 3, applies because Claimant was discharged for off-the-job conduct that violated Employer's work rules. Employer's Brief at 11. Employer cites Maskerines v. Unemployment Compensation Board of Review , 13 A.3d 553 (Pa. Cmwlth. 2011), for the proposition that "[w]here an employer seeks to deny a discharged employee unemployment compensation benefits for a work rule violation pursuant to Section 402(e), the employer must prove only that the work rule existed and that the employee violated it." Employer's Brief at 10 (quoting Maskerines , 13 A.3d at 557 ). Further, Employer contends that when an employee is discharged for off-the-job conduct that violates a work rule, Section 402(e) does not require the employer to show that the off-the-job conduct directly affected the claimant's job performance. Id. at 11 (citing Maskerines , 13 A.3d at 560 ). Employer maintains that sufficient evidence exists to establish the existence of the relevant work rules, Claimant's awareness thereof and that Claimant violated them. Id. The Board responds that Section 402(e) does not apply because Claimant engaged in off-duty misconduct not connected to his work; therefore, the Board properly applied Section 3. Board's Brief at 9-10.
This Court analyzed the application of Section 3[4] and Section 402(e)[5] of the Law in Palladino v. Unemployment Compensation Board of Review , 81 A.3d 1096 (Pa. Cmwlth. 2013), which provides in relevant part:
*1143 "Sections 3 and 402(e) of the Law are not parallel legal theories." Burger v. Unemployment Comp. Bd. of Review , ... 569 Pa. 139, 801 A.2d 487, 491 ( [Pa.] 2002). Rather, " 'Section 402(e) is used to disqualify claimants for work-related misconduct,' " whereas " 'Section 3 is used to disqualify claimants for non-work-related misconduct which is inconsistent with acceptable standards of behavior and which directly affects the claimant's ability to perform his assigned duties.' " Id. (emphasis in original) (quoting Se. Pa. Transp. Auth. v. Unemployment Comp. Bd. of Review (SEPTA) , 96 Pa.Cmwlth. 38, 506 A.2d 974, 977 (Pa. Cmwlth. 1986) ). Under Section 402(e) of the Law, the employer bears the burden of proving that the claimant's unemployment is due to the claimant's willful misconduct. Walsh v. Unemployment Comp. Bd. of Review , 943 A.2d 363, 369 (Pa. Cmwlth. 2008). Under Section 3 of the Law, the employer bears the burden to prove "(1) that the claimant's conduct was contrary to acceptable standards of behavior and (2) that the claimant's unacceptable conduct directly affects or reflects upon the claimant's ability to perform his assigned duties." Frazier v. Unemployment Comp. Bd. of Review , 833 A.2d 1181, 1184-85 (Pa. Cmwlth. 2003). In analyzing whether a claimant is eligible for unemployment compensation, it is important to recognize that "the question of justifiable termination and eligibility for unemployment benefits are two different things; an employee may be fired for completely proper reasons, yet remain eligible for benefits." Burger , ... 801 A.2d at 490.
Palladino , 81 A.3d at 1100-01 (footnotes omitted).
As to Section 402(e) of the Law, "[w]hile it is true that municipal employees ... may be discharged for off-duty conduct unbecoming a municipal employee, ... the fact that an employee can be discharged for off-duty conduct does not make the misconduct work-connected for the purposes of Section 402(e)." Robinson [v. Unemployment Comp. Bd. of Review , 119 Pa.Cmwlth. 133, 546 A.2d 750, 753 (Pa. Cmwlth. 1988) ]. Again, " 'there is a critical distinction between the employer's right to terminate employment and the state's right to deny unemployment benefits.' " Id. (quoting Blake v. Unemployment Comp. Bd. of Review , ... 56 Pa.Cmwlth. 358, 425 A.2d 43, 45 ( [Pa. Cmwlth.] 1981) ).
Palladino , 81 A.3d at 1103.
In Dunbar v. Unemployment Compensation Board of Review , ... 82 Pa.Cmwlth. 575, 475 A.2d 1355 ( [Pa. Cmwlth.] 1984), this Court rejected the notion that claimant's discharge from employment based solely on a provision of the Governor's Code of Conduct, which required Commonwealth employees charged and convicted of a felony to be discharged from employment, constituted willful misconduct under Section 402(e) of the Law. Dunbar , 475 A.2d at 1356-57. We observed that[, "][a]lthough the executive may and does properly require that Commonwealth employees should obey the law off their job as well as on and may discharge them for failing to do so, a worker is not ineligible for unemployment compensation unless his discharge is for willful misconduct connected with this work.["] Id. at 1357.
Palladino , 81 A.3d at 1103 (footnote omitted).
We first note that Employer terminated Claimant's employment for his criminal DUI conviction, off-duty misconduct. Board's F.F. 8. While it is true that the Employer's code of conduct requires Claimant to behave in a lawful manner at *1144 all times,[6] the fact that Claimant could be discharged for unlawful conduct does not make the misconduct work-connected for purposes of Section 402(e). See Palladino , 81 A.3d at 1103 (citing Robinson , 546 A.2d at 753 ). This Court has held previously:
An employer may require that his employees be exemplary citizens off the job as well as on. He may discharge them for failing to live up to this standard, unless restricted otherwise by contract provisions. However, acting in a manner meriting the employer's disapproval does not disqualify an employee from receiving unemployment compensation upon his discharge unless his dereliction is connected with his work.
Gallagher v. Unemployment Comp. Bd. of Review , 36 Pa.Cmwlth. 599, 388 A.2d 785, 787 (1978).
Employer relies upon Maskerines to support its position that Section 402(e) applies, and Employer contends, therefore, that it was not required to prove that the conduct in question directly affected Claimant's work performance or his ability to perform his assigned duties. Employer's Brief at 11 (citing Maskerines , 13 A.3d at 556 ). However, we find Maskerines inapposite as it did not, as here, involve the violation of a code of conduct, or a criminal conviction, but involved an employee's termination and denial of benefits under Section 402(e) of the Law for violating a last chance agreement with the employer forbidding the employee from possessing drugs while off-duty. See Maskerines , 13 A.3d at 554. As the Board asserts, where a claimant violates a specific condition of employment, such as a last chance agreement or a condition to return to work, Section 402(e) governs the question of eligibility for benefits, and the employer does not have to show that the claimant's actions directly affected his job performance. See id. at 556. However, in the instant matter, Employer had not imposed a last chance agreement or such condition on Claimant and, as such, Maskerines is distinguishable. As observed in Dunbar , there is a "sharp difference in law between cause for discharge under [a] ... [c]ode of [c]onduct and willful misconduct which bars" unemployment compensation. Dunbar , 475 A.2d at 1356 ; see also Gillins v. Unemployment Comp. Bd. of Review , 534 Pa. 590, 633 A.2d 1150, 1155 (1993) (stating, "[a]lthough an employer may lawfully discharge or suspend an employee for a policy violation, this Court will not allow an employer policy to command whether an employee is ineligible for benefits").
"Off-duty misconduct will not support a finding of willful misconduct under Section 402(e) unless it extends to performance on the job[.]" Palladino , 81 A.3d at 1101 (quoting Burger , 801 A.2d at 491 ) (brackets omitted); see also Webb v. Unemployment Comp. Bd. of Review , 670 A.2d 1212, 1216 (Pa. Cmwlth. 1996) (reversing *1145 the Board's denial of unemployment compensation benefits under Section 402(e) of the Law, holding that a claimant's arrest for DUI during off-duty hours did not constitute willful misconduct connected with her work, despite employer's rule requiring employees to remain alcohol free for a period of five years following participation in a detoxification program). "Thus, an employee's act of engaging in off-duty behavior that is merely 'unacceptable to an employer does not necessarily equate to' willful misconduct under Section 402(e) of Law." Palladino , 81 A.3d at 1101. There must be an aspect of the conduct that renders it work-related. The violation of a work rule does not, by itself, establish that the conduct was work-related. There is nothing in the record before this Court to indicate that the violation of the work rule or the conviction that was the cause for Claimant's discharge were work-related.
In determining whether Section 402(e) or Section 3 is applicable, this Court finds Robinson instructive. In Robinson , the claimant was employed by the City of Pittsburgh as a driver of a sanitation truck. Robinson , 546 A.2d at 751. Criminal charges were filed against the claimant after he allegedly, while under the influence of alcohol, was involved in a serious vehicular accident where he struck and killed a pedestrian. Id. The city terminated his employment for conduct unbecoming a city employee. Id. The Board found the claimant to be ineligible for benefits under Section 402(e). Id. The claimant appealed to this Court, arguing that the Board erred in applying Section 402(e) instead of Section 3. Id. at 751-52. This Court concluded that the Board had erred, because the claimant's eligibility should have been determined under Section 3 given that the claimant was discharged from his employment solely on the basis of the off-duty accident which had no connection to his work. Id. at 752-54. Here, as in Robinson , Claimant's off-duty conduct, his DUI conviction, for which he was discharged, had no connection with his work. As such, the Board did not err in applying Section 3.
Under Section 3 of the Law, the employer bears the burden to prove "(1) that the claimant's conduct was contrary to acceptable standards of behavior and (2) that the claimant's unacceptable conduct directly affects or reflects upon the claimant's ability to perform his assigned duties." Palladino , 81 A.3d at 1101 (quoting Frazier , 833 A.2d at 1184-85 ). Both prongs of the test must be satisfied. Gillins , 633 A.2d at 1154. Notably, Employer does not claim that the unacceptable conduct, i.e. , the criminal DUI conviction, affected Claimant's ability to perform his job duties as a project coordinator[7] and does not challenge the Board's determination that the conviction did not affect Claimant's ability to perform his job. As such, because Employer did not establish one of the two necessary prongs, ineligibility for benefits under Section 3 cannot be established.
Accordingly, the Board did not err in concluding that Claimant is not ineligible for benefits under Section 3 of the Law, and we affirm.
ORDER
AND NOW, this 31st day of May, 2019, the September 20, 2018 decision and order of the Unemployment Compensation Board of Review is AFFIRMED.

Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended , 43 P.S. § 752.

43 P.S. § 802(e).

"The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are supported by substantial evidence in the record." W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Review , 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006) ; see also 2 Pa.C.S. § 704.

Section 3 of the Law declares that unemployment compensation is reserved for those individuals who find themselves unemployed through "no fault of their own." 43 P.S. § 752.

Section 402(e) provides that a claimant is ineligible for benefits where "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work ...." 43 P.S. § 802(e) (emphasis added).

Section VII of Employer's code of conduct, titled "Workplace Conduct," provides, in relevant part:
A. Employees of the Unified Judicial System shall conduct themselves in an appropriate and lawful manner at all times and shall adhere to all workplace policies including, but not limited to, the standards of workplace conduct outlined in Section VII.B below.
B. Employees of the Unified Judicial System:
...
iv. shall avoid impropriety and the appearance of impropriety in all activities.
...
xv. shall exhibit a high degree of professionalism in demeanor, language, appearance, and dress.
Code of Conduct at 7, Reproduced Record (R.R.) at 25; Addendum to Code of Conduct at 2, R.R. at 28.

Because Employer argues that Section 402(e), not Section 3 applies, Employer contends it did not need to establish that the conduct at issue affected Claimant's ability to perform his job. See Employer's Brief at 11.